MIGUEL J. ARSUAGA, Petitioner, *v.* DISTRICT COURT OF HUMACAO, Respondent.

No. 827. Argued November 28, 1932.—Decided January 27, 1933.

*Molina, Dubón & Ochoteco* for petitioner.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

On July 30 last this Court decided the present certiorari by a judgment reading thus:

"The record having been examined, and for the reasons stated in the foregoing opinion, the writ demanding payment issued in mortgage foreclosure proceeding No. 16439 of the District Court of Humacao, Miguel J. Arsuaga *v.* Cándido Ramírez Muñoz and his wife María Morell Santana, is hereby annulled and the case remanded to the District Court of Humacao for further proceedings, in accordance with the law."

On the following 6th of August the petitioner moved this Court to modify that judgment so that the same should read as follows:

"The record having been examined, and for the reasons stated in the foregoing opinion, the order of April 4, 1932, is hereby annulled; and it appearing from the record that the mortgaged property has been sold for an amount below that of the mortgage credit, the costs are hereby assessed in the sum of $500 stipulated in the deed of mortgage, for all further proceedings."

The Court was in vacation and the petitioner could not be heard until November 28, 1932.

The motion to amend is based on the ground that, as appears from the affidavit of the attorney for the petitioner,

while the certiorari proceeding was pending, the mortgage foreclosure proceeding was continued and the property publicly sold, on May 2, 1932, and awarded to the foreclosing creditor, who appeared as sole bidder, for $4,000, which sum is below the principal amount of the claim.

It appears from the record that on April 7, 1932, Miguel J. Arsuaga, through his present attorneys, filed before this Supreme Court a petition requesting the issuance of a writ of certiorari. In his petition he alleged that a mortgage foreclosure proceeding had been brought on December 18, 1931, for the collection of a credit secured by mortgage: $5,000, interest thereon, and $500 fixed for costs; that the judge issued the demand on December 29, 1931, requesting payment of the principal, interest, "and the sum to be fixed in due time by this court in the corresponding memorandum of costs and which in no case shall exceed $500"; that as the sums claimed remained unpaid, the petitioner requested the sale of the mortgaged property and at the insistent request of the judge he filed a memorandum of costs for $500 which was notified to the mortgagors and reduced to $269 by the court on April 4, 1932, without giving the parties in interest an opportunity to be heard, and decreeing at the same time the sale of the mortgaged property for the satisfaction of the principal sum, interest thereon, and the costs mentioned.

After stating the above facts, the petitioner maintained that the court below "committed an error of procedure in rendering said orders," because "it did not grant the defendants a term of 10 days to impeach the memorandum"; because "the defendants and the petitioner were not given an opportunity to be heard"; because the judge acted arbitrarily in reducing the attorney's fees; and because the case of *Vidal* v. *District Court,* 40 P R.R. 100, fixed a procedure which cannot be followed without hearing the parties.

The petitioner then adverted to the practice followed in the District Court of San Juan, which he considers unlawful, and in the eighth paragraph stated:

"That a question of public policy is involved which must be determined as soon as possible by this Court, because if the practice followed by the court below is erroneous, then every foreclosing creditor is subject to a suit for the annulment of the mortgage foreclosure proceeding on the ground that the court had no jurisdiction to fix costs *ex parte* and that the property should not have been sold for an amount including the costs, without giving the debtor an opportunity to be heard."

The prayer of the petition is as follows:

". . . that a writ of certiorari be issued directed to the District Court of Humacao, Hon. Rafael Arjona Siaca, Judge, requiring him to send forthwith to this Hon. Court the record of civil case No. 16439, entitled 'Miguel J. Arsuaga, Plaintiff-mortgagee *v.* Cándido Ramírez Muñoz and his wife María Morell Santana, defendants-mortgagors,' to be reviewed by this Court as regards the order of April 4, 1932, fixing the costs at $269; and also as regards the order of sale of the mortgaged property in so far as it directs that the same be sold to cover also the sum of $269 for costs; and that the said orders be annulled and the lower court directed to follow the procedure prescribed by section 339 of the Code of Civil Procedure as amended by Act No. 15 of November 19, 1917; and that it be decreed that the property be sold for the amount of the mortgage credit: $5,000, plus interest at 9 per cent per annum from July 1, 1930, to the date of the sale, and $500 to answer for the costs that may be fixed in due course by the District Court of Humacao or by this Hon. Court in case of an appeal."

The writ was issued. Besides the petitioner, by his counsel, there were heard attorneys González Fagundo and González, Jr., as *amici curiae*. They both filed briefs.

Under the heading "Question before the Court," it was said in the petitioner's brief:

"Before this Court there is now pending for final decision the question as to the procedure to be followed in fixing the costs and attorney's fees in summary foreclosure proceedings."

The precedents were analyzed and then it was said:

"In presenting this petition we had principally in mind the review of the order entered by the court below, but we were also moved by a desire to obtain from this Court a ruling that will serve as a guide in future cases."

Then followed the argument which began thus:

"With all due respect to the decisions of our highest tribunal, we reiterate the assertion verbally made by us during the hearing of this petition, viz., that in our opinion the doctrine laid down in *Vidal* v. *District Court* and *Anaud* v. *Martínez,* is contrary to the purpose that inspired the summary proceeding for the foreclosure of mortgages."

The reasons for the above conclusion were immediately stated, and it was then said:

"We submit to the consideration of the Court that if the conclusion be reached that the doctrine laid down in the cases of *Vidal* v. *District Court* and *Anaud* v. *Martínez* must prevail, then this Supreme Court, similarly as it did in deciding the case of *Aguadilla Lighter & Storage Co.* v. *Soltero,* 43 P.R.R. 209, should establish the procedure to be followed in determining the costs and attorney's fees without detriment to the purposes that inspired the Mortgage Law in regulating the subject of foreclosure of mortgages by the summary process."

Then followed the suggestions that were deemed pertinent.

The case was thus submitted to the decision of this Court which determined the same in the manner indicated by its opinion of July 30, 1932, reported in 43 P.R.R. ——.*

The Court was requested to finally decide a question that was creating serious difficulties in all the district courts of the Island and thus, in a real effort to reach a clear and definite conclusion, it overruled its own decision in the case of Vidal, *supra,* and reinstated the former practice which was considered to be in accord with the letter and the spirit of the Mortgage Law. To do this we had to go to

---

* NOTE: See Preface of this volume.

the root of the matter, which was the formal demand for payment (*requerimiento*), and to the demand we went. The orders of April 4, 1932, were a consequence of the order of December 29, 1931. No middle course could be pursued, if the clear and precise rule expected and requested from the Court was to be established.

Since the petitioner did not wait for the decision of this Court, and continued prosecuting his mortgage proceeding, he must suffer the consequences of his own acts. The fact that this Court acquiesced in returning the record to the district court, does not alter that conclusion. Also, the order was rendered at the request of the petitioner at a time when, notwithstanding the pendency of the certiorari proceeding, the mortgaged property had already been sold at his instance.

The motion of the petitioner must be denied.